IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00222-REB-CBS

MARGARET R. PULS,
    Plaintiff,
v.

BOULDER COUNTY HOUSING AUTHORITY, a subdepartment of Boulder County Department of Housing and Human Services,
BOULDER COUNTY HOUSING DIVISION, a division of Boulder County Housing Authority, and
BOARD OF COUNTY COMMISSIONERS, COUNTY OF BOULDER,
    Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Ms. Puls' "Second Motion for Appointment of Counsel" (filed April 20, 2009) (doc. # 23);  (2) Ms. Puls' "Motion for Stay of Minute Order Setting Date for Plaintiff to Respond to Defendants' Motion to Dismiss Inappropriate Parties and Motion to Dismiss Claims Pending Appointment of Counsel" (filed April 20, 2009) (doc. # 22);  (3) Ms. Puls' "Motion for Stay of Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting Pending Appointment of Counsel" (filed April 20, 2009) (doc. # 24);  and (4) Ms. Puls' "Motion for Extension of Time in Which to Respond to Defendants' Motion to Dismiss Inappropriate Parties and Motion to Dismiss Claims" (filed April 27, 2009) (doc. # 25).  Pursuant to the Order of Reference dated March 12, 2009 (doc. # 11) and the memorandum dated April 28, 2009 (doc. # 26), these matters were referred to the Magistrate Judge.  The court has reviewed the matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

Ms. Puls seeks appointment of counsel pursuant to 42 U.S.C. § 3613(b).  Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).  Rather, appointment of counsel in a civil

case is left to the discretion of the court.  See 42 U.S.C. § 3613(b).  *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (whether to request counsel is left to the sound discretion of the trial court).

Ms. Puls is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1).  Under § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case").  However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel."  *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Hill*, 393 F.3d at 1115 (citation omitted).  *See also Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights.") (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).

The court has considered Ms. Puls' request for appointed counsel and the appropriate factors.  As a *pro se* litigant, Ms. Puls is afforded a liberal construction of her papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Ms. Puls has adequately litigated

this case in her *pro se* capacity thus far.  The issues in the case are not unusually complex.  Currently pending is Defendants' Motion to Dismiss (filed April 7, 2009) (doc. # 19).  Ms. Puls' has requested an extension of time to respond to the Motion.  (*See* doc. # 25).  Based on a review of the current status of the case, the court is within its discretion in declining to request counsel to represent Ms. Puls.

Accordingly, IT IS ORDERED that:

1. Ms. Puls' "Second Motion for Appointment of Counsel" (filed April 20, 2009) (doc. # 23) is DENIED.

2. Ms. Puls' "Motion for Stay of Minute Order Setting Date for Plaintiff to Respond to Defendants' Motion to Dismiss Inappropriate Parties and Motion to Dismiss Claims Pending Appointment of Counsel" (filed April 20, 2009) (doc. # 22) is DENIED.

3. Ms. Puls' "Motion for Stay of Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting Pending Appointment of Counsel" (filed April 20, 2009) (doc. # 24) is DENIED.  The Scheduling and Planning Conference set on Thursday June 11, 2009 at 10:00 a.m. shall proceed in accordance with the court's March 24, 2009 Order (doc. # 16).

4. Ms. Puls' "Motion for Extension of Time in Which to Respond to Defendants' Motion to Dismiss Inappropriate Parties and Motion to Dismiss Claims" (filed April 27, 2009) (doc. # 25) is GRANTED.  Ms. Puls' shall file any response she has to Defendants' Motion to Dismiss (doc. # 19) **on or before May 12, 2009**.

DATED at Denver, Colorado, this 28th day of April, 2009.

BY THE COURT:

   s/Craig B. Shaffer      
United States Magistrate Judge